Jeffrey A. Weiss Esq.
33 Bayview Avenue
Port Washington, New York 11050
(516) 459 -1296
Attorney for Defendant
RDD FREIGHT INTERNATIONAL. INC.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

BREFKA AND HEHNKE GmbH and Co. a/s/o
MMI USA CORP.,

                        Plaintiff,        **ANSWER**
                                                                             **07 Civ. 9692**

      -against-

RDD FREIGHT INTERNATIONAL, INC.

                        Defendant

_____x

    Defendant, RDD FREIGHT INTERNATIONAL INC. (hereinafter "RDD"), by and through its attorney, JEFFREY A. WEISS ESQ., for its Answer to Plaintiff's Complaint, respectfully alleges upon information and belief as follows:

1. Admits that the claim falls within the Court's admiralty jurisdiction as alleged in paragraph FIRST of the Complaint.
2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SECOND of the Complaint.
3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph THIRD of the Complaint.
4. Admits that RDD is a corporation or other business organization with a place of business located at 168-01 Rockaway Blvd., Jamaica New York,

1

was and is doing business in this jurisdiction directly and / or through an agent, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph FOURTH of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph FIFTH of the Complaint

6. Admits that a consignment of 298 bundles of cold forged rectangular steel tubes was transported from Shanghai, China to Houston, Texas aboard the M.V. KANG SHUN, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph SIXTH of the Complaint.

7. Admits that the consignment of steel tubes was loaded onboard the M.V. KANG SHUN and the vessel sailed for its intended destination.

8. Admits the allegations contained in paragraph EIGHTH of the Complaint.

9. Denies the allegations contained in paragraph NINTH of the Complaint

10. Denies the allegations contained in paragraph TENTH of the Complaint

11. Denies the allegations contained in paragraph ELEVENTH of the complaint.

## FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim against Defendant RDD upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

13. Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure

## THIRD AFFIRMATIVE DEFENSE

14. Defendant RDD is not the vessel owner, operator, manager, or charterers of the M.V. KANG SHUN, nor is a carrier with respect to the steel tubes shipped onboard the M.V. KANG SHUN, and did not otherwise control the vessel as a common or private carrier of merchandise by water for hire.

### FOURTH AFFIRMATIVE DEFENSE

15. In the event RDD is found to be a carrier or otherwise entitled to rely on the defenses available to a carrier, the shipments described in Plaintiff's complaint are subject to all the terms, conditions, and exceptions contained in certain bills of lading or other contracts of carriage then and there issued, by which Plaintiff, shippers, cargo owners, consignees, underwriters and holders of said bills of lading or other contracts of carriage agreed to be and are bound. Any misdelivery, non delivery, non conformance, shortage, loss or damage to the shipments, which Defendant RDD expressly denies, was due to causes for which the Defendant RDD is not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act (COGSA), 46 U.S.C. 1300 et seq., the Harter Act, the provisions of the bills of lading and/or the contracts of carriage and/or the general maritime law and/or applicable foreign law and/or charter parties and/or Hague – Visby Rules.

### FIFTH AFFIRMATIVE DEFENSE

16. Plaintiff has failed to mitigate reasonably its alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

17. If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the Plaintiff and / or their agents and representatives, including but not limited to, the stevedores at the load and discharge ports.

### SEVENTH AFFIRMATIVE DEFENSE

18. This Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including but not limited to the load and discharge port stevedores.

**EIGHTH AFFIRMATIVE DEFENSE**

19. The claim is time-barred pursuant to the applicable bills of lading and U.S. maritime law.

**WHEREFORE, Defendant RDD prays:**

a. that a judgment be entered in favor of Defendant RDD and against Plaintiff, dismissing the Complaint herein together with costs and disbursements of this action

and

b. that judgment be entered in favor of Defendant RDD for such other and further relief as this Honorable Court deems just and proper.

Dated: Port Washington, New York
December 28, 2007

_____
JEFFREY A. WEISS ESQ.(JW-4082)
Attorney for Defendant
RDD Freight International, Inc.
33 Bayview Avenue
Port Washington, New York 11050
(516) 459-1296

TO: Casey and Barnett LLC
Attorney for Plaintiff
317 Madison Ave. 21st Floor
New York, N.Y. 10017
(212) 286 0225
ATTN: Christopher M. Schierloh Esq.